Kirk D. Miller
KIRK D. MILLER, P.S.
211 E Sprague Avenue
Spokane, WA 99202
(509)413-1494 Telephone
(509)413-1724 Facsimile

Attorney for the Plaintiffs

| | |
|---|---|
| SALLY HAZLETT individually and the marital community comprised of SALLY HAZLETT and CLIFF HAZLETT,<br><br>                Plaintiffs,<br><br>v.<br><br>JPRD INVESTMENTS, LLC a Washington Limited Liability Company; and MELANIE BAILEY individually and the marital community comprised of MELANIE BAILEY and JOHN DOE BAILEY,<br><br>                Defendant. | COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>NO: |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt from Plaintiffs.

COMPLAINT
Page 1 of 7

KIRK D. MILLER, P.S.
211 E Sprague Avenue
Spokane, WA 99202
(509)413-1494 Telephone
(509)413-1724 Facsimile

3. Venue is proper in the Eastern District of Washington because the acts and transactions occurred here, Plaintiffs reside here, and Defendants reside and transact business here.

## *PARTIES*

4. Plaintiff Sally Hazlett is a natural person who resides in the City of Spokane, County of Spokane, State of Washington, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Cliff Hazlett is a natural person who resides in the City of Spokane, County of Spokane, State of Washington, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant JPRD Investments, LLC (hereinafter "Defendant JPRD") is a collection agency operating from an address of 610 N. Mission St. Suite 200 Wenatchee, WA 98801, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Melanie Bailey (hereinafter "Defendant Bailey") is a natural person who was employed at all times relevant herein by Defendant JPRD as a debt collector and attorney and was at all relevant times a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Defendant JPRD alleged that in or about 2000, the Plaintiff Sally Hazlett incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card

COMPLAINT
Page 2 of 7

KIRK D. MILLER, P.S.
211 E Sprague Avenue
Spokane, WA 99202
(509)413-1494 Telephone
(509)413-1724 Facsimile

debt with Fleet Bank, which was used by Plaintiff for personal, family and household purchases.

9. In or after the year 2003, the Fleet Bank acccount was consigned, placed or otherwise transferred to Defendant JPRD for collection from these Plaintiffs.

10. On April 5, 2009, Defendant JPRD caused Plaintiff Sally Hazlett to be served with a Summons and Complaint in order to collect on the Plaintiff's Fleet Bank account.

11. On April 6, 2009, Ms. Hazlett contacted Defendant JPRD by telephone and spoke with Defendant Bailey. This conversation was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12. During her April 6, 2009 conversation with Ms. Bailey, Ms. Hazlett informed Ms. Bailey that she disputed owing any debt to JPRD or Fleet Bank, that her only source of income was from Social Security, and that she could not afford to pay anything to Defendant JPRD.

13. Defendant Bailey responded to Ms. Hazlett's dispute during the April 6, 2009 conversation by stating to Ms. Hazlett that if Ms. Hazlett could not afford to pay Defendant JPRD, then Defendant Bailey would put a lien on Ms. Hazlett's house.

14. In June 6, 2009, Ms. Hazlett suffered a stroke and remained hospitalized and in nursing care until September, 2009.

15. Ms. Hazlett returned home from the hospital and nursing care in July, 2009.

16. In September 2009, in response to another letter received from JPRD, Ms. Hazlett again called Defendant JPRD and spoke with Defendant Bailey. This conversation was a

COMPLAINT
Page 3 of 7

KIRK D. MILLER, P.S.
211 E Sprague Avenue
Spokane, WA  99202
(509)413-1494 Telephone
(509)413-1724 Facsimile

"communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17. During the September 2010 telephone call between Ms. Hazlett and Defendant Bailey, Defendant Bailey stated to Ms. Hazlett that if Ms. Hazlett could not afford to pay Defendant JPRD, then Ms. Bailey would place a lien on Ms. Hazlett's home.

18. Ms. Bailey also stated during the September, 2009 conversation that Ms. Bailey would take Ms. Hazlett's home from her if she could not pay JPRD.

19. At no time did Defendant JPRD or Defendant Bailey obtain a judgment against the Plaintiffs.

20. At no time did Defendant JPRD or Defendant Bailey have any right to file a lien against any property owned by the Plaintiffs.

21. At no time did Defendant JPRD or Defendant Bailey have any legal right to take Ms. Hazlett's home.

22. Defendant Bailey's comments during the September 2009 conversation with Ms. Hazlett caused Ms. Hazlett severe emotional distress.

23. As a result of Ms. Bailey's comments, during her September 2009 conversation with Ms. Hazlett, Ms. Hazlett cried and shook uncontrollably, and became physically ill.

24. The above-detailed conduct by these Defendants in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-mentioned provisions of the FDCPA.

COMPLAINT
Page 4 of 7

KIRK D. MILLER, P.S.
211 E Sprague Avenue
Spokane, WA 99202
(509)413-1494 Telephone
(509)413-1724 Facsimile

25. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of both Plaintiffs and caused them unnecessary personal strain in their relationship.

26. Plaintiffs have suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### *Respondeat Superior Liability*

27. The acts and omissions of Defendant Bailey were committed within the time and space limits of their agency relationship with their principal, Defendant JPRD.

28. The acts and omissions by Defendant Bailey were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant JPRD in collecting consumer debts.

29. By committing these acts and omissions against Plaintiffs, Defendant Bailey and these other debt collectors was motivated to benefit her principal, Defendant JPRD.

30. Defendant JPRD is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA in its attempts to collect this debt from Plaintiffs.

### TRIAL BY JURY

31. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

COMPLAINT
Page 5 of 7

KIRK D. MILLER, P.S.
211 E Sprague Avenue
Spokane, WA 99202
(509)413-1494 Telephone
(509)413-1724 Facsimile

# CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

32. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of each and every Defendant and their agents constitute violations of the FDCPA, and specifically, 15 U.S.C. § 1692e(5) that states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section…
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken."

34. As a result of each and every Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

COMPLAINT
Page 6 of 7

KIRK D. MILLER, P.S.
211 E Sprague Avenue
Spokane, WA  99202
(509)413-1494 Telephone
(509)413-1724 Facsimile

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to the Fair Debt Collection Practices Act 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for the Plaintiff;

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations for each Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted this 20th day of August, 2010

**KIRK D. MILLER, P.S.**

S/Kirk D. Miller
Kirk D. Miller
WSBA #40025
211 E. Sprague Ave.
Spokane, WA 99202
Telephone: (509) 413-1494
Facsimile: (509) 413-1724
kmiller@millerlawspokane.com

COMPLAINT
Page 7 of 7

KIRK D. MILLER, P.S.
211 E Sprague Avenue
Spokane, WA 99202
(509)413-1494 Telephone
(509)413-1724 Facsimile